**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LOLA JONES,

Plaintiff,

v. Case No. 6:16-cv-138-Orl-37KRS

DISCOUNT AUTO PARTS, LLC,

Defendant.

---

**ORDER**

This cause is before the Court on Defendant, Discount Auto Parts, LLC's Motion to Exclude Treating Physicians' Opinion Testimony on Causation Pursuant to Rule 37(c)(1) (Doc. 40), filed November 8, 2016.

In the instant negligence action, Defendant moves to exclude the causation testimony of Plaintiff's treating physicians. (Doc. 40 ("**Motion**").) Pursuant to Local Rule 3.01(g) and the Court's Case Management and Scheduling Order ("**CMSO**"), before filing such motion, Defendant was required to "engage in a substantive conversation with the opposing party—**in person or by telephone**—in a good faith effort to resolve the issues raised by the motion without Court intervention" ("**Good Faith Conference**"). (Doc. 20, p. 5.) Consequently, Defendant was authorized to file its Motion: (1) if—and only if—issues requiring Court intervention remained after the Good Faith Conference; and (2) with a statement certifying that it had conferred with Plaintiff and indicating whether the parties had agreed on a resolution of the Motion ("**Certification Requirement**"). (*Id.* at 5.)

The CMSO explicitly instructs that: (1) "[m]oving parties who unsuccessfully

'attempt' to confer with opposing parties have not "conferred"; and (2) "[a] Certification to the effect that the opposing party was not available for a Good Faith Conference does not constitute compliance with the Certification Requirement." (Doc. 20, p. 6.) Nonetheless, in cavalier treatment of the Court's instructions, the instant Motion merely states that Defendant "*attempted* to confer with Plaintiff's counsel, but opposing counsel was unavailable for a conference before the filing of [the] motion." (Doc. 40, p. 16 (emphasis added).) Such representation is unacceptable and clearly contravenes the Court's directives, particularly where the deadline for filing the Motion is far from imminent. As such, the Court finds that the Motion is due to be denied for failure to comply with Local Rule 3.01(g). Defendant may refile a compliant Motion once it has adequately participated in a Good Faith Conference. In a similar vein, the Court reminds Plaintiff of its obligation to promptly respond to requests for a Good Faith Conference—that is, within two business days. (Doc. 20, p. 6.)

Casual disregard for the Court's directives is becoming an all-too-familiar occurrence in this Court and will not be tolerated. Counsel is forewarned that future failure to comply with Court orders will continue to result in ramifications ranging from the summary dismissal of noncompliant motions to the imposition of monetary sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant, Discount Auto Parts, LLC's Motion to Exclude Treating Physicians' Opinion Testimony on Causation Pursuant to Rule 37(c)(1) (Doc. 40) is **DENIED WITHOUT PREJUDICE**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 10, 2016.


UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

3